**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JAMES FLEISCHMAN,**
        Plaintiff,

vs.                                                          Case No. 3:07cv344/MCR/MD

**A. SMITH, et al.,**
        Defendants.

---

**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 12). Leave to proceed *in forma pauperis* was granted without the assessment of an initial partial filing fee. (Doc. 10). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d

340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To determine whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations -- on their face -- show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of plaintiff's amended complaint, the undersigned concludes that this case should be dismissed under § 1915(e)(2)(B)(ii).

Plaintiff, an inmate of the Florida penal system, is incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 12, p. 2). His second amended complaint names six defendants: Officer A. Smith, Sergeant Kim Stokes, Lieutenant B.A. Bruner, Warden D. Ellis, Classification Officer G. Waitman, and "Sec, FL, Dept. of Corr." (*Id.*). Plaintiff challenges a disciplinary report he received at Santa Rosa CI for spoken threats. Plaintiff asserts that after being notified of the charge, he received a hearing. The disciplinary hearing team convicted him based on defendant Stokes' statement that plaintiff threatened another inmate. As a result, plaintiff was sentenced to 30 days in disciplinary confinement. Plaintiff asserts that defendants deprived him of procedural due process under the Florida Constitution when they convicted him based solely on the officer's statement, because the officer lied. (*Id.*, pp. 5-7). As relief, plaintiff seeks expungement of the disciplinary conviction and monetary damages for his mental and emotional injuries. (*Id.*, p. 7).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 1789, 152, L.Ed.2d 648 (2002).  In the instant case, plaintiff bases his claim exclusively on violation of the Florida Constitution.  Thus, as presented, his claim fails to state a cognizable § 1983 claim.

Even liberally construing plaintiff's claim as asserted under the Due Process Clause of the Fourteenth Amendment, plaintiff's allegations still fail to state a claim upon which relief may be granted.  The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law.  U.S. Const. amend. XIV.  A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient.  *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court redefined the circumstances in which a liberty interest will arise in the prison context for purposes of the protections of the Due Process Clause.  *Id.*, 515 U.S. at 484, 115 S.Ct. 2293.  Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court held that due process liberty interests created by prison regulations will be generally limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless

imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484, 115 S.Ct. at 2300. The *Sandin* Court cited *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to mental hospital triggers due process protections), and *Washington v. Harper*, 494 U.S. 210, 221-22, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs implicates Due Process Clause), as examples of restraints which trigger the Clause of its own force, but concluded that Conner's disciplinary conviction did not present a case where the State's action would inevitably affect the duration of his sentence, thereby triggering the Clause of its own force. Nor did Conner's discipline (30-day placement in disciplinary segregation) present the type of "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2301-02. As a result, the Court held that neither the Hawaii prison regulation at issue nor the Due Process Clause itself afforded the inmate a constitutionally protected liberty interest. The Eleventh Circuit has held that a Florida prisoner's confinement in administrative segregation for two months did not impose an atypical and significant hardship on the prisoner. *Rodgers v. Singeltary*, 142 F.3d 1252, 1253 (11th Cir. 1998). Here, plaintiff fails to allege that he suffered any disciplinary action that was in excess of the sentence he was serving or was an atypical and significant hardship, and thus, his complaint fails to state an actionable claim under the standard set forth in *Sandin*.

      Moreover, even if plaintiff established a protected liberty interest in remaining in open population, the disciplinary hearing team's reliance on the officer's statement did not deprive him of his procedural due process rights. In *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), the Supreme Court held that, in the prison context, due process requirements under the Constitution are satisfied if (1) written notice of the charges is given to the inmate at least twenty-four hours in advance in order to inform him of the charges and to enable him to marshal the facts and prepare a defense, (2) the inmate is given the opportunity to call witnesses and present evidence when doing so would not unduly

interfere with institutional safety or correctional goals, and (3) a written statement is drafted by the fact-finders as to the evidence relied on and the reasons for the disciplinary action.  *Id*. at 563-67, 94 S.Ct. at 2978-80.  In regard to the third requirement under *Wolff*, the Supreme Court has held that the district court need only inquire into whether there is "some evidence" upon which the disciplinary team could base its decision.  *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).  The Court further explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." *United States ex rel. Najtauer v. Commissioner of Immigration*, 273 U.S. [103], 106, 47 S.Ct. [302], 304.  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.
>
> . . . .
>
> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.

*Id.*, 472 U.S. at 455-57, 105 S.Ct. at 2774-75 (citations omitted).  Reliance upon the observations of a correctional officer can alone be sufficient to meet the *Hill* evidentiary standard.  *Id*. at 456-57, 105 S.Ct. at 2774-75.

In the instant case, the allegations and attachments within the amended complaint establish the following.  On May 22, 2007 plaintiff was charged with "Spoken Threats" in a disciplinary report issued by Officer K. M. Stokes.  The statement of facts in the charging disciplinary report reads as follows:

> Inmate Fleishman, James DC#J20347, is being charged with violation of FAC CH 33-601.314, Rules of Prohibited Conduct, 1-3 Spoken or Written Threats. On 5/22/07 I was assigned as F-Dorm CM Housing Supervisor. At approx. 3:15 pm I was notified by Officer A. Smith that I needed to meet him in Wing 3. He advised me that Inmate Fleishman was in shower stall F3226 and was stating that he was supposed to be going to medical. I advised Inmate Fleishman that psychology stated that he was a security issue and that he could remain in his assigned cell. After several minutes of counseling with Inmate Fleishman, he finally agreed to return to his cell. Officer Smith and

>myself escorted Inmate Fleishman back to his cell.  As we approached cell F3213, where Inmate Fleishman is housed, he stated, "I'll go back in the cell, but I'm going to beat that four-eyed bitch's ass."  (Inmate Fleishman was referring to Inmate Pomeranz, Stuart DC# 187155).  The OIC was notified and authorized this report.  Inmate Fleishman will remain in his current status pending disciplinary team action.

(Doc. 12, ex. C).  The report is dated May 22, 2007.  Plaintiff was notified of the charges on May 27, 2007.  (*Id.*).  A disciplinary hearing was held on May 29, 2007.  (*Id.*).  The disciplinary team, consisting of G. Waitman and B. A. Bruner, found plaintiff guilty based on the following:

>Based in part on the officer[']s written statement and the results of the investigation, Inmate Fleishman did threaten Inmate Pomeranz DC#187155; by stating, "I'll go back in the cell, but I'm going to beat that four-eyed bitch's ass."  He did not call any evidence.  All witness statements were read and considered by the team.  He has been provided a copy of the team[']s finding and informed he has 15 days in which to appeal the team[']s decision.

(*Id.*).  Plaintiff's conviction resulted in 30 days in disciplinary confinement.

The sole basis of plaintiff's due process claim is that the disciplinary team relied on the officer's statement to convict him, and the officer lied.  However, the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation.  *Rodgers v. Singletary,* 142 F.3d 1252 (11th Cir. 1998); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2nd Cir. 1986), *cert. denied*, 485 U.S. 982 (1988).  This is primarily because the Constitution requires only that plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies.  *Freeman*, 808 F.2d at 952.  A prisoner's allegation of false disciplinary charges fails to state a claim so long as due process was provided. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th  Cir. 1984); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. at 2975.

Here, plaintiff's own allegations and attachments establish that he was given sufficient notice of the charges, that a hearing was provided to him, and that the fact-finder provided a written statement as to the evidence relied on and the reasons for the disciplinary action.  Plaintiff makes no allegations about any fundamental unfairness during the proceeding except to protest that he should not be found

guilty based solely on the statement of a corrections officer.  However, as stated previously, reliance upon the observations of a correctional officer can alone be sufficient to meet the evidentiary standard.  *Superintendent v. Hill*, 472 U.S. at 456-57, 105 S.Ct. at 2774-75.

Thus, taking the allegations of the second amended complaint and attachments as true and construing them in the light most favorable to plaintiff, the complaint fails to state a procedural due process claim that is plausible on its face.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of November, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**